```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
DANIEL CASTRO-SANCHEZ,                  :
              Plaintiff,                :
                                        :    10 Civ. 8314 (DLC)
         -v-                            :
                                        :
N.Y.S. DEPARTMENT OF CORRECTIONAL       :    OPINION AND ORDER
SERVICES, DEPARTMENT OF MENTAL HEALTH,  :
C.O. THORPE, C.O. HANAMAN, C.O.         :
GUNSETT, C.O. WESLEY, and C.O. LAMBERT, :
              Defendants.               :
----------------------------------------X
```

Appearances:

For Plaintiff:

Joshua B. Katz
Kent, Beatty & Gordon, LLP
425 Park Avenue, The Penthouse
New York, NY 10022

For Defendants:

Steven N. Schulman
Assistant Attorney General
120 Broadway, 24th Floor
New York, NY 10271

DENISE COTE, District Judge:

On November 26, 2010, plaintiff Daniel Castro-Sanchez filed a complaint against New York State Department of Correctional Services, the New York State Office of Mental Health, and five Corrections Officers pursuant to 42 U.S.C. § 1983. In his complaint he alleged violations of his First, Fourth, Eighth and Fourteenth Amendment Rights, as well as violations of New York State law and the American with Disabilities Act ("ADA") arising

out of a series of events occurring between January 30 and August 7, 2010.  A number of the claims were dismissed on December 6, 2011 either for failure to exhaust administrative remedies or for failure to state a claim. Castro-Sanchez v. NYS Dep't of Corr., 10 Civ. 8314 (DLC), 2011 WL 6057837 (S.D.N.Y. Dec. 6, 2011).  The surviving claims assert that the plaintiff was assaulted by two Corrections Officers on June 18, 2010, and that his Kosher meals were confiscated for about three weeks in the summer of 2010.

On December 6, 2011, the Court granted plaintiff's application for appointment of counsel.  Counsel appeared on behalf of plaintiff on March 8, and filed a motion to amend the complaint on July 17, in which the plaintiff reasserted one of the dismissed claims.  Through the motion to amend, the plaintiff seeks to replead claims related to a strip search conducted by Corrections Officer James Thorpe on January 30, 2010.  For the following reasons, the motion to amend is denied.

BACKGROUND

In the amended complaint, plaintiff asserts that on January 30, 2010, while he was walking to the prison yard for recreation, he was ordered by Officer Thorpe to stay behind, empty his pockets and place his hands on the wall.  Officer Thorpe then pulled down plaintiff's pants and groped his

buttocks.  During the incident, Officer Thorpe laughed, used the term "Puerto Rican motherfucker," and mocked the plaintiff.  Plaintiff asserts that Officer Thorpe's conduct constituted cruel and unusual punishment under the Eighth Amendment and an equal protection violation under the Fourteenth Amendment.  Officer Harold Hanaman is alleged to have witnessed this incident and is named as a defendant for failing to intervene.

DISCUSSION

Under Federal Rule of Civil Procedure 15(a), "[a] court should freely give leave to amend when justice so requires." Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009) (citation omitted).  While this rule is founded on a "policy in favor of granting leave to amend," Jaser v. N.Y. Prop. Ins. Underwriting Ass'n, 815 F.2d 240, 243 (2d Cir. 1987), a motion to amend may be denied for "futility, bad faith, undue delay, or undue prejudice to the opposing party."  Holmes, 568 F.3d at 334 (citation omitted).  An amendment is futile when the proposed claims could not withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Lucente v. Int'l Bus. Mach. Corp., 310 F.3d 243, 258 (2d Cir. 2002).[1]  The pleading standards under Rules 8 and 12 set forth in the prior Opinion in

---

[1] Since this motion to amend must be denied under the Rule 15 standard, it is unnecessary to address whether it is more properly evaluated under the more exacting Rule 16 standard.

3

this action are incorporated herein.  <u>Castro-Sanchez</u>, 2011 WL 6057837, at *8.  An amendment is unduly prejudicial where it would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction."  <u>Block v. First Blood Assocs.</u>, 988 F.2d 344, 350 (2d Cir. 1993).

1. Eighth Amendment

Plaintiff alleges that Officer Thorpe violated his Eighth Amendment rights when Officer Thorpe groped his buttocks.  Under the Eighth Amendment of the United States Constitution, prison inmates are protected from prison conditions and practices that constitute cruel and unusual punishment.  The Eighth Amendment analysis consists of two components.

To establish an Eighth Amendment violation, a prisoner must first demonstrate that the conduct created a harm or effects a deprivation that is objectively "sufficiently serious."  <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991).  Objectively cruel and unusual punishment is conduct which violates "contemporary standards of decency."  <u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992) (citation omitted).  Where excessive force is involved, "contemporary standards of decency are violated."  <u>Id.</u> at 9.  But, "<u>de minimis</u> uses of physical force, provided that the use

4

of force is not of a sort repugnant to the conscience of mankind," are excluded from constitutional protection.  <u>Id.</u> at 10.

"[A] small number of incidents in which [a prisoner is] verbally harassed, touched, and pressed against without his consent" does not constitute a violation of the Eighth Amendment unless one of those incidents is "severe enough" to be "objectively, sufficiently serious" or the incidents are cumulatively "egregious."  <u>Boddie v. Schnieder</u>, 105 F.3d 857, 861 (2d Cir. 1997).  In <u>Boddie</u>, the Court of Appeals upheld the dismissal of the Eighth Amendment claim in which the plaintiff alleged that an officer had "squeezed his hand, touched his penis, and said, 'You know your [sic] sexy black devil, I like you,'" and that the officer later "stopped him, bumping into his chest with both her breast so hard he could feel the points of her nipples against his chest" and when Boddie tried to pass her, she "bumped into him, this time with her whole body vagina against penis pinning him to the door."  <u>Id.</u> at 859-60 (citation omitted).

The second component of the Eighth Amendment analysis is drawn from the principle that "only the unnecessary <u>and wanton</u> infliction of pain implicates the Eighth Amendment."  <u>Wilson</u>, 501 U.S. at 297 (citation omitted).  To satisfy this subjective component, the plaintiff must show that the prison official had

5

a "sufficiently culpable state of mind." Id. at 298. The standard that defines a "sufficiently culpable state of mind" varies depending on the nature of the claim asserted. For example, if the claim challenges a prison condition, courts ordinarily require the plaintiff to show that the prison officials were deliberately indifferent to a risk of harm to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). On the other hand, if the plaintiff challenges an officer's use of force, the finding of a sufficiently culpable state of mind will turn on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson, 503 U.S. at 7. Some circuits have required a showing that there was a "malicious and sadistic" state of mind in sexual touching and assault cases. See, e.g., Schwenk v. Hartford, 204 F.3d 1187, 1196-97 (9th Cir. 2000). Although the Second Circuit Court of Appeals has not yet determined the requisite standard for mens rea in such cases, it has observed that "a prison official who sexually abuses a prisoner can be found to have a sufficiently culpable state of mind to violate the prisoner's constitutional rights." Boddie, 105 F.3d at 861.

Castro-Sanchez has failed to allege a sufficiently serious violation of his right to be free from cruel and unusual punishment when judged under an objective standard. The groping

6

of his buttocks during a single strip search is far less egregious than the conduct alleged in Boddie.  Since the conduct described in Boddie was insufficient to constitute a violation of a prisoner's Eighth Amendment rights, a fortiori the conduct alleged by Castro-Sanchez is insufficient.[2]  This conclusion is buttressed by the long-established principle that the routine, random strip searches of inmates, including body cavity inspections, do not violate the Fourth Amendment.  Covine v. Patrissi, 967 F.2d 73, 77-80 (2d Cir. 1992).

Castro-Sanchez makes two arguments in an effort to avoid the import of Boddie for his Eighth Amendment claim.  First, he cites Rodriguez v. McClenning, 399 F. Supp. 2d 228 (S.D.N.Y. 2005), and other district court decisions, for the proposition that "contemporary standards of decadency have evolved to condemn the sexual assault of prison inmates by prison employees."  Id. at 237.  In Rodriguez, an officer caressed the prisoner's chest and repeatedly groped his genitals and buttocks during a pat frisk.  Id. at 232.  The misconduct described in Rodriguez is far more serious than that alleged by Castro-Sanchez, and therefore Rodriguez provides little guidance on the likelihood that the Court of Appeals will revisit its holding in Boddie.

---

[2] In plaintiff's original complaint, he alleged that Officer Thorpe also touched his intimate parts.  Because this has been omitted from the amended complaint, it will not addressed.

7

Finally, the plaintiff contends that <u>Boddie</u> is not controlling here because Castro-Sanchez is mentally ill and the prisoner in <u>Boddie</u> was not.  Even if it is appropriate to consider the particular vulnerability of the victim in assessing whether misconduct is objectively sufficiently serious, Castro-Sanchez has still failed to state a claim under the Eighth Amendment.  The inappropriate touching of the buttocks on a single occasion does not constitute cruel and unusual punishment.  Because Castro-Sanchez's Eighth Amendment claim could not survive a motion to dismiss, leave to amend is denied.

2. Fourteenth Amendment

Castro-Sanchez asserts that the groping of his buttocks violated the Fourteenth Amendment because it was motivated by plaintiff's mental disability and his ethnicity.  The Equal Protection Clause of the Fourteenth Amendment is "essentially a direction that all persons similarly situated should be treated alike."  <u>City of Cleburne v. Cleburne Living Ctr.</u>, 473 U.S. 432, 439 (1985).  Thus, the Fourteenth Amendment prohibits the selective adverse treatment of individuals by government actors "compared with others similarly situated" if such selective treatment is based on "impermissible considerations such as race . . . or malicious or bad faith intent to injure a person."  <u>LeClair v. Saunders</u>, 627 F.2d 606, 609-10 (2d Cir. 1980).  If a prisoner claims that he received different treatment by prison

officials because of a protected characteristic, he must plead "that he was treated differently than others similarly situated" and that the differential treatment was "a result of intentional or purposeful discrimination." Phillips v. Girdich, 408 F.3d 124, 129 (2d Cir. 2005).

In the prison context, racial discrimination is permissible only if it is narrowly tailored to further compelling government interests. Johnson v. California, 543 U.S. 499, 509 (2005). Like racial discrimination, "ethnic distinctions of any sort are inherently suspect and thus call for the most exacting judicial examination." Regents of Univ. of Cal. v. Bakke, 438 U.S. 265, 291 (1978). In contrast, discrimination based on a disability is permissible so long as it is rationally related to a legitimate state interest. Cleburne, 473 U.S. at 440-41.

The second component of an equal protection claim is the existence of a discriminatory purpose. The plaintiff must allege that he was singled out "'because of' and not merely 'in spite of'" his protected characteristic. Personnel Adm'r of Mass. v. Feeney, 442 U.S. 256, 279 (1979). Of course, verbal harassment of inmates by itself does not give rise to a constitutional violation. Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986).

Castro-Sanchez has not alleged that his fellow inmates received better or dissimilar treatment than he did during strip

9

searches. Nothing in the amended complaint suggests that the strip searches of other inmates have not included the touching of the buttocks. Moreover, while the amended complaint has pleaded facts from which it can be inferred that the Corrections Officer's actions were motivated by the plaintiff's ethnicity, it contains no facts to suggest that he was treated differently because of his mental disability. Consequently, leave to amend the complaint to add this claim must be denied as well on the ground of futility. Because the plaintiff has failed to plead a violation of his Constitutional rights by Officer Thorpe in connection with the events of January 30, 2010, the request to amend the complaint to add a claim against Officer Hanaman for failing to intervene must be denied as well.

CONCLUSION

Plaintiff's July 13, 2012 motion to amend his complaint is denied.

SO ORDERED

Dated:   New York, New York
         September 28, 2012

```
                              _____
                                      DENISE COTE
                              United States District Judge
```